STATE, EX REL. HENRY F. FAIRBANK, v. PATRICK SHERI-DAN.

1. The alternative writ of *mandamus*, under the statute, takes the place of a declaration, and whatever is essential to good pleading in an ordinary action of law must be contained in substance, though it may be informal, in the writ, the return and subsequent proceedings.
2. If the writ be defective it may be quashed or the respondent may demur before making a particular return to the writ.
3. If the writ be informal the relator may have a new writ on payment of costs.

On demurrer to an alternative writ of *mandamus*.

Argued at November Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the relator, *R. E. Chetwood*.

For the respondent, *P. H. Gilhooly.*

The opinion of the court was delivered by

SCUDDER, J.· The respondent is county collector of the county of Union ; the relator a police justice of the city of Elizabeth. A claim is made by the latter for his fees and costs from the 7th day of May, 1873, to April 17th, 1875, for convictions, under "An act to describe, apprehend and punish disorderly persons," passed June 10th, 1799, by the provisions of the forty-seventh section of "An act to revise and amend the charter of the city of Elizabeth," affirmed March 4th, 1863, and section 4 of the act entitled "A further supplement to an act entitled 'An act constituting courts for the trial of small causes,'" approved April 6th, 1871. *Rev., p.* 565. Arrests and convictions were made under the first statute; jurisdiction is conferred on the police justice, such as the justices of the peace of the several counties of the state have in criminal matters, in criminal causes arising in the city of Elizabeth, by the same statute ; and by the last above-named statute the fees of justices of the peace and other officers in criminal cases and the method of collecting are prescribed.

By section 4 of the act of April 6th, 1871, it is made the duty of the justice before whom any such conviction is had, "to make a bill of particulars of the costs in such case, attached to the commitment, and also certify and send up a copy of said bill of particulars of costs, with the conviction in said case, to the county clerk, who shall review and correct the same, if necessary, and shall certify the correct amount to the county collector, who thereupon shall pay the amount so certified to the said justice," &c.

Upon application and affidavit with claim and schedules attached, apparently in compliance with the statute, a justice of this court granted a rule to show cause why a writ of *mandamus* should not issue, (section 294 Practice act.) This rule on its return was made absolute, and the court ordered that an alternative writ of *mandamus* be issued, commanding the collector to pay the claim for fees, amounting to $685.86, alleged

to be due to the relator, for his services and disbursements in his official character as police justice of the city of Elizabeth, or show cause.

The alternative writ issued is in this form : first, there is a recital of the rule to show cause, then the argument and consideration by the court, followed by the command of the writ to pay the sum of the certified bill of particulars of costs for convictions alleged to be due to the said Henry F. Fairbank, late police justice of the city of Elizabeth as aforesaid, for his services and disbursements in his official capacity as police justice of the city of Elizabeth, between May 7th, 1873, and April 17th, 1875, under and by virtue of the provisions of an act entitled " An act to describe, apprehend and punish disorderly persons," passed June 10th, 1799, and also the costs of this action, or show cause, &c., in the alternative form.

This writ is almost as bare in its statement as the rule to show cause.

The statute of 9 *Anne, c.* 20, has been adopted in our state (*Rev., p.* 630,) and its effect is to assimilate the proceedings for *mandamus* in cases falling within its provisions, to actions at law. The writ takes the place of the declaration, the return thereto the plea, which the relator may plead to or traverse by way of replication, and to which the respondent shall reply, take issue or demur, and the proceedings shall continue until an issue is joined to be tried. Whatever is essential to good pleading in an ordinary action at law must be contained in substance, though it may be informal, in the writ and return and the subsequent proceedings. If the writ be deficient in the proper statement of the case for a *mandamus*, it may be quashed, or the respondent may demur before making a particular return to the writ. *High on Ex. Rem.*, §§ 449–451.

In a writ of *mandamus* such facts should be alleged as are necessary to show that the party applying for it is entitled to the relief prayed. *King* v. *Bishop of Oxford,* 7 *East* 345 ; *Silverthorne* v. *Warren R. R.,* 4 *Vroom* 372.

In *Peat's Case,* 6 *Mod.* 310, on application for a *mandamus* to admit a teaching dissenter to qualify himself according to

the act of toleration, Holt, Chief Justice, said the party ought to suggest whatever is necessary to entitle him to be admitted.

Chancellor Walworth, in *Commercial Bank* v. *Canal Commissioners*, 10 *Wend.* 25, says, if the facts on which the claim of the relator depends are in dispute or the parties wish to bring the case before the court of *dernier resort*, the Supreme Court awards an alternative *mandamus*, in which the relator sets forth his title, or the facts on which he claims a right to the relief sought by his application, and the defendant is required to do the particular act or show why he has not done it. If the writ is defective, either in form or substance, the defendant may move to quash it; and any defect in the substance of the writ, as a want of sufficient title in the relator to the relief sought, may be taken advantage of at any time before the peremptory *mandamus* is awarded. As in all other pleadings, the material facts on which the relator relies, must be distinctly set forth, so that they may be admitted or traversed by the return. *High on Ex. Rem.*, §§ 536, 537.

The rule applicable to the present case is succinctly and accurately expressed thus: the matter of inducement stated in the alternative writ should include everything necessary to show jurisdiction over the subject of the writ and to warrant its mandate, and these facts should be stated with precision and issuably. *Chance* v. *Temple*, 1 *Iowa* 179.

The affidavits and papers of the relator on which the order for the *mandamus* was granted form no part of the record, and cannot be used to supply essential facts or be considered in deciding this demurrer in aid of the writ. *Commercial Bank* v. *Canal Commissioners, supra ; Moses on Mandamus* 206.

The error of the pleader is just here: He has assumed that the affidavit on which the rule to show cause was first granted would be regarded by the court, and that in some way the defendant could answer these facts in his return to the writ, without a repetition of them in the writ. For convenience in pleading a reference to the amount claimed and to the schedules containing the items of costs annexed to the original affi-

davit and petition would be sufficient, for the writ need not be encumbered with such details and figures; but here there is no such reference. Where, as in this case, the pleading must be special, it is better practice to make such reference in the writ to the items of the claim set out in a bill of particulars or schedule appearing on the record.

Some points will be stated in which the writ is defective as a pleading. The relator is described in the writ as Henry F. Fairbank, late police justice of the city of Elizabeth, but there is no distinct averment that at the times the fees claimed by him accrued he was such police justice; nor that he was entitled to receive like fees as a justice of the peace, under the charter of the city of Elizabeth; nor that in cases where convictions were had, bills of particulars of the costs were made, attached to the commitments, and that he also certified and sent up copies of said bills of particulars of costs with the convictions in said cases, to the county clerk, who reviewed and corrected the same when necessary, and certified the correct amount to the county collector, who, on demand, neglected or refused to pay the amount so certified to him. These facts are made essential prerequisites in the statute to entitle the justice to these costs; without averring and proving them he cannot recover, and the defendant has the right to traverse them, if he choose to do so, in his return.

For these defects in the writ, the demurrer will be sustained.

The relator may have leave to issue an amended alternative on paying the costs of the demurrer.